CEM

FILED
JANUARY 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 228

JUDGE DARRAH
MAGISTRATE JUDGE BROWN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>and<br><br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>-vs-<br><br>ACTIVE TRANSPORTATION COMPANY, LLC, a Kentucy limited liability corporation,<br><br>Defendant. | Case No.:<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT

**NOW COME** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, trustee, and, by their attorneys, complain against Defendant Active Transportation Company, a Wisconsin limited liability corporation ("Active Transportation"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. and is a suit to recover employer contributions owed to the Trustees of the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and the Central States,

Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund") by Defendant.

2. This Court has jurisdiction over this action pursuant to §§502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§1132(e)(1) and 1132(f).

3. Venue properly lies in this Court pursuant to the venue selection clause of the Pension Fund Trust Agreement and the Health and Welfare Fund Trust Agreement ("Trust Agreements") which designate this forum as the location for suits to collect delinquent fringe benefit contributions, and §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Pension Fund and the Health and Welfare Fund are administered in, and maintain their principal place of business in, Rosemont, Cook County, Illinois.

## PARTIES AND RELATIONSHIP

4. The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. The Health and Welfare Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

7. The Health and Welfare Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the IBT on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health and Welfare Fund and paying the administrative expenses of the Health and Welfare Fund.

8. Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Pension Fund and the Health and Welfare Fund as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary. Pursuant to Section 502(a)(3) of ERISA, plaintiff Howard McDougall is authorized to bring civil actions on behalf of the Pension Fund and the Health and Welfare Fund and its participants and beneficiaries. 29 U.S.C. § 1132(a)(3).

9. Defendant Active Transportation is a Wisconsin corporation. Defendant is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5), (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

10. Local Union No. 89 of the IBT (hereinafter "Local 89") is a labor organization which represents, for the purpose of collective bargaining, certain employees of Defendant and employees of other employers in industries affecting interstate commerce.

11. Local Union No. 299 of the IBT (hereinafter "Local 229") is a labor organization which represents, for the purpose of collective bargaining, certain employees of Defendant and employees of other employers in industries affecting interstate commerce.

**CERTAIN RELEVANT BACKGROUND EVENTS**

12. Defendant entered into a collective bargaining agreement with Local 89 covering the period of at least June 1, 2003 through at least May 31, 2008, pursuant to which Defendant agreed to pay contributions on behalf of covered employees to the Pension Fund and the Health and Welfare Fund.

13. Defendant entered into a Participation Agreement with Local 89 that requires Defendant to pay contributions to the Pension Fund and the Health and Welfare Fund.

14. Defendant also entered into a Participation Agreement with Local 299 that requires Defendant to pay contributions to the Pension Fund and the Health and Welfare Fund.

15. Defendant also agreed to be bound by the Pension Fund Trust Agreement and the Health and Welfare Fund Trust Agreement (collectively, the "Trust Agreements"). The Trust Agreements require Defendant to "make continuing and prompt payments to the [Pension and Health and Welfare Funds] as required by the applicable collective bargaining agreement."

16. The Pension Fund and the Health and Welfare Fund rely upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

17. The self-reporting system requires participating employers like Defendant to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

18. The Trust Agreements provide, in part, that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated

to pay interest on any contributions[, or withdrawal liability][1] or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions [or withdrawal liability] owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions [or withdrawal liability]. The interest rate after entry of a judgment against an Employer for contributions [or withdrawal liability] shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## STATUTORY AUTHORITY

19. ERISA §515, 29 U.S.C. §1145, provides that:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

20. ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), provides that:

    (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

        (A) the unpaid contributions,

        (B) interest on the unpaid contributions,

        (C) an amount equal to the greater of --

---

[1] The language "or withdrawal liability" appears only in the Pension Fund Trust Agreement.

    (i)  interest on the unpaid contributions, or

    (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

21.  Defendant breached the provisions of ERISA, the Collective Bargaining Agreement, the Participation Agreement, and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) which the employee work history reported revealed to be owed to the Pension Fund for the period of October 2007 and November 2007. Defendant has also failed to remit interest payments for the months of October 2007 and November 2007 to the Health and Welfare Fund.

22.  Despite demands that Defendant perform its statutory and contractual obligations with respect to making contributions to the Pension Fund and interest payments the Health and Welfare Fund, Defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 21.

23.  Defendant owes to the Pension Fund in excess of $225,243.87 for unpaid contributions and interest through January 10, 2007 as a result of the conduct set forth in paragraph 21.

24. Defendant owes to the Health and Welfare Fund in excess of $590.89 for unpaid interest through January 10, 2007 as a result of the conduct set forth in paragraph 21.

## INJUNCTIVE RELIEF

25. Pursuant to the Collective Bargaining Agreement, the Participation Agreement, and the Trust Agreements, Defendant is subject to an ongoing obligation to pay contributions to the Pension Fund and the Health and Welfare Fund. Defendant has not paid monthly contributions for the months of October 2007 through November 2007 to the Pension Fund and remitted contributions to the Health and Welfare Fund for the month of November 2007 several weeks late.

26. Defendant has advised Plaintiffs that its failure to pay required fringe benefit contributions to the Pension Fund and the Health and Welfare Fund is due to its financial problems.

27. Plaintiffs have no adequate remedy at law to prevent Defendant's continued refusal to comply with the terms of the Collective Bargaining Agreement, the Participation Agreement, and the Trust Agreements. The contributions owed by Defendant for December 2007 are due on January 15, 2008 and are estimated to be $151,810.00 for the Pension Fund and $134,700.50 for the Health and Welfare Fund.

28. Unless Defendant is enjoined from failing to comply with its obligation to submit required fringe benefit contributions, the Pension Fund will suffer irreparable harm because the Pension Fund provides credit towards pension benefits to Defendant's employees regardless of whether the corresponding contributions that are intended to pay for the pension credit are ever collected and Defendant's financial problems make it doubtful that it will be able to pay its mounting delinquency. Further, employer delinquencies, such as those of Defendant, adversely affect the Pension Fund's ability to

meet funding standards and impact the financial integrity of the Pension Fund. In addition, Defendant's continued delinquency will cause the Pension Fund to lose the benefit of interest income that it would otherwise earn and cause the Pension Fund to incur additional administrative expenses in connection with the detection and remedying of Defendant's delinquencies.

29.     Unless Defendant is enjoined from failing to comply with its obligation to submit required fringe benefit contributions, the Health and Welfare Fund will suffer irreparable harm because until an employer is placed on suspension of benefits, the Health and Welfare Fund provides health and welfare coverage and benefits to the employer's employees regardless of whether the corresponding contributions are ever paid and Defendant's financial problems make it doubtful that it will be able to pay its mounting delinquency. Once an employer is placed on suspension of benefits, the participants and beneficiaries of the Health and Welfare Fund are irreparably harmed because the payment of their health and welfare claims is suspended until corresponding contributions are paid to the Health and Welfare Fund. Further, employer delinquencies, such as those of Defendant, adversely affect the Health and Welfare Fund's ability to meet funding standards and impact the financial integrity of the Health and Welfare Fund. In addition, Defendant's continued delinquency will cause the Health and Welfare Fund to lose the benefit of interest income that it would otherwise earn and cause the Health and Welfare Fund to incur additional administrative expenses in connection with the detection and remedying of Defendant's delinquencies.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, trustee, request the following relief against Defendant Active Transportation Company:

(a) A order to show cause why Defendant Active Transportation should not be enjoined from violating ERISA, the Collective Bargaining Agreement, the Participation Agreement, and the Trust Agreements.

(b) A preliminary injunction enjoining Defendant Active Transportation from violating ERISA, the Collective Bargaining Agreement, the Participation Agreement, and the Trust Agreements.

(c) A permanent injunction enjoining Defendant Active Transportation from violating ERISA, the Collective Bargaining Agreement, the Participation Agreement, and the Trust Agreements.

(d) A judgment against Defendant Active Transportation and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) for:

   (i) the unpaid contributions owed to the Pension Fund and the Health and Welfare Fund;

   (ii) interest on the unpaid contributions computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

   (iii) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

   (iv) attorney's fees and costs.

(e) Post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan

Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

(f)  For such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/ Rebecca K. McMahon
Rebecca K. McMahon
Attorney for Plaintiffs
Central States, Southeast and Southwest
Areas Health and Welfare and Pension Funds
9377 West Higgins Road
Rosemont, Illinois  60018-4938
847/518-9800, Ext. 3441

January 10, 2008        ARDC #06290192