# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, trustee, <br><br> and <br><br> CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, and HOWARD McDOUGALL, trustee, <br><br> Plaintiffs, <br><br> v. <br><br> LEWIS TRUCK LINES, INC., a North Dakota corporation, <br><br> Defendant. | Case No. 00 C 6597 <br> Judge James B. Zagel |

## PRELIMINARY INJUNCTION

In accordance with Rule 52(a) of the Federal Rules of Civil Procedure, the following findings of fact (based upon the Plaintiffs' affidavit) and conclusions of law constitute the grounds for this Court's granting the Plaintiffs' Motion for Preliminary Injunction.

## FINDINGS OF FACT

1.  The Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund") receive contributions from numerous employers pursuant to

70817 / 99111573 / 10/26/00

-1-

collective bargaining agreements negotiated between the employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). The contributions and investment income earned thereon are used for the sole and exclusive benefit of participants and beneficiaries and to defray reasonable administrative expenses.

2.      The Defendant is bound by a collective bargaining agreement known as the National Master Freight Agreement and Central Region Local Cartage and Over-the-Road Motor Freight Supplemental Agreement and Participation Agreements entered into with various local unions affiliated with the IBT which require it to pay contributions to the Pension and Health and Welfare Funds on behalf of covered employees. The Defendant is also bound by the Pension Fund's Trust Agreement and the Health and Welfare Fund's Trust Agreement which also require the Defendant to pay contributions to the Pension Fund and the Health and Welfare Fund on behalf of eligible employees.

3.      The Pension and Health and Welfare Funds operate under an employer self-reporting system which require participating employers to initially establish a base group of employees for whom contributions are due. Thereafter, the employers are required to notify the Funds on a monthly basis of any change in the employment status of covered employees. Based upon the reported work history, the Funds send monthly bills to the employers.

4.      The Defendant has not complied with its obligation under the collective bargaining agreement, Participation Agreements, and the Trust Agreements in that it has not paid all of the contributions owed to the Pension Fund for the months of July 2000

through September 2000, in the total amount of $188,102.42 and the Defendant has not paid all of the contributions owed to the Health and Welfare Fund for the months of August 2000 through September 2000 in the total amount of $127,303.62 (both including interest through October 25, 2000), all of which are overdue. In addition, the Defendant owes additional contributions of approximately $52,360.00 to the Pension Fund and approximately $57,018.00 to the Health and Welfare Fund for the month of October 2000, which will be due on November 15, 2000.

5. The Defendant does not dispute that it owes the contributions described in paragraph 4 above. The Defendant advised the Pension Fund and Health and Welfare Fund that its failure to pay is the result of severe cash flow problems which it is currently experiencing.

6. Pursuant to the provisions of the Pension Plan and ERISA, the Pension Fund is required to provide pension credits and pension benefits to the Defendant's employees regardless of whether the Defendant remits corresponding contributions.

7. Due to non-payment of required contributions, the Defendant was placed on suspension of benefits status effective October 15, 2000, and as a result, the otherwise eligible claims of the participants and beneficiaries will not be paid unless the corresponding contributions are paid.

## CONCLUSIONS OF LAW

1. Section 502(a)(3) of ERISA expressly authorizes this Court to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan."

29 U.S.C. § 1132(a)(3). The Defendant's failure to pay required contributions to the Funds is a violation of both the plan and § 515 of ERISA. 29 U.S.C. § 1145.

2.  The Defendant is obligated to pay contributions to the Pension and Health and Welfare Funds pursuant to the National Master Freight Agreement and Central Region Local Cartage and Over-the-Road Motor Freight Supplemental Agreement and Participation Agreements and the Pension and Health and Welfare Fund Trust Agreements. In addition, the Defendant does not dispute its liability to Plaintiffs. Therefore, the Plaintiffs have demonstrated that they are likely to succeed on the merits.

3.  The Defendant's failure to pay promised contributions irreparably harms the Pension Fund and Health and Welfare Fund because a money judgment may be uncollectible in light of the Defendant's financial difficulties. In addition, the Pension Plan and ERISA require the Pension Fund to provide pension credits and pay pension benefits to the Defendant's employees regardless of whether corresponding contributions are paid. Additionally, the participants and beneficiaries of the Health and Welfare Fund are irreparably harmed because the Defendant was placed on "suspension of benefits" status effective October 15, 2000 due to its delinquency. As a result of the suspension of benefits, the otherwise eligible claims of participants and beneficiaries will not be paid unless the corresponding contributions are paid. Moreover, the Pension and Health and Welfare Funds are irreparably harmed because they have lost the benefit of income that could have been earned if the past due amounts had been received and invested on time and the Pension and Health and Welfare Funds have incurred additional administrative

costs in detecting and collecting the Defendant's delinquencies. Since the danger of harm to Plaintiffs is significant and the harm to the Defendant from the entry of this order appears minimal the balance of harm favors the entry of this order.

4. The Defendant's failure to make promised payments to the Funds causes substantial harm to the Funds. On the other hand, the entry of an injunction will not harm the Defendant because it is only being required to do what it is contractually obligated to do.

5. The public has a strong interest in the stability and financial integrity of fringe benefit funds. 29 U.S.C. § 1001(a). Because the financial stability of fringe benefit funds such as the Pension and Health and Welfare Funds is a public concern, the entry of a injunction is in the public interest.

6. In light of the Plaintiffs' strong showing that they are likely to succeed on the merits and the fact that the Defendants do not dispute that they are obligated to pay contributions to the Pension and Health and Welfare Funds, it does not appear that in the event this injunction should not have been granted that the Defendants will have sustained any harm. Therefore, the Court will require the Plaintiffs to post a nominal bond of $100.00.

## ORDER

The Plaintiffs' Motion for a preliminary injunction is granted. By this Order, the Defendant Lewis Truck Lines, Inc., its officers, directors, shareholders, agents, servants, employees, attorneys and all persons in active concert and participation with it, are

ordered to a) pay its Health and Welfare and Pension contributions owed to the Plaintiffs for the month of October 2000 on or before 12:00 p.m. on November 15, 2000; and b) pay all contributions owed to the Health and Welfare and Pension Funds for months subsequent to October 2000 on or before 15 days after the close of any month (e.g. November 2000 contributions must be received on or before December 15, 2000) in which any bargaining unit work (as defined in the applicable National Master Freight Agreement and Central Region Local Cartage and Over-the-Road Motor Freight Supplemental Agreement) is performed by any of its employees.

11-14-00
Date

_____
United States District Judge