# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND )
and HOWARD McDOUGALL, trustee, )
)
Plaintiffs, )
)
v. )
)
RESEARCH OIL CO., )
and Ohio corporation, )
)
Defendant. )

JUL 1 6 1999

Judge Blanche M. Manning
United States District Court

Case No 99 C 4488

Judge Manning

### PRELIMINARY INJUNCTION

In accordance with Rule 52(a) of the Federal Rules of Civil Procedure, the following findings of fact and conclusions of law constitute the grounds for this Court's granting the Plaintiffs' Motion for Preliminary Injunction.

### FINDINGS OF FACT

1. The Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") receives contributions from numerous employers pursuant to collective bargaining agreements negotiated between the employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). The contributions and investment income earned thereon are used for the sole and exclusive benefit of participants and beneficiaries and to defray reasonable administrative expenses.

2. The Defendant is bound by the provisions of a collective bargaining agreement and the Pension Fund's trust agreement which require it to pay contributions to the Pension Fund on behalf of covered employees.

3. The Pension Fund relies upon participating employers to self-report the work

history of eligible employees. Based upon the reported work history, the Fund sends monthly bills to the employers.

4. The Defendant has not complied with its obligations under the collective bargaining agreement and the Pension Fund's trust agreements in that it has failed to pay all of its contributions owed to the Pension Fund for the months of January, 1999 through May, 1999 which are now past due. As a consequence, the Defendant owes contributions and interest thereon to the Pension Fund for said period in the amount of $136,710.85.

5. The Defendant's contributions to the Pension Fund for the month of June, 1999 will become due on July 15, 1999. The contribution liability for the month of June, 1999 is estimated at $22,780.00 for the Pension Fund.

6. The Defendant does not dispute that it owes the contributions and interest described in paragraph 4 above. It advised the Pension Fund that its failure to pay is the result of cash flow problems which it is currently experiencing.

7. Pursuant to the provisions of the Pension Plan and ERISA, the Pension Fund is required to provide pension credits and pension benefits to the Defendant's employees regardless of whether the Defendant remits corresponding contributions.

### CONCLUSIONS OF LAW

1. Section 502(a)(3) of ERISA expressly authorizes this Court to "enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Defendant's failure to pay required contributions for the months of January, 1999 through May, 1999 to the Pension Fund is a violation of both the plan and § 515 of ERISA. 29 U.S.C. § 1145.

2. The Defendant is obligated to pay contributions to the Pension Fund

pursuant to the collective bargaining agreement and the Pension Fund trust agreement. Since the Defendant does not dispute its liability to Plaintiffs but simply claims that it is encountering cash flow problems, the Plaintiffs have demonstrated that they are likely to succeed on the merits.

3. The Defendant's failure to pay promised contributions irreparably harms the Pension Fund because a money judgment may be uncollectible in light of the Defendant's financial difficulties. In addition, the Pension Plan and ERISA require the Pension Fund to provide pension credits and pay pension benefits to the Defendant's employees regardless of whether corresponding contributions are paid. Moreover, the Pension Fund has already been irreparably harmed because it has lost the benefit of income that could have been earned if the past due amounts had been received and invested on time. Furthermore, the Pension Fund has incurred additional administrative costs in detecting and collecting the Defendant's delinquencies. Since the danger of harm to Plaintiffs is significant and the harm to Defendant from the entry of this order is minimal, the balance of harm favors the entry of this order.

4. The public has a strong interest in the stability and financial integrity of fringe benefit funds. 29 U.S.C. § 1001(a). Because the financial stability of fringe benefit funds such as the Pension Fund is a public concern, the entry of a injunction is in the public interest.

5. In light of the Plaintiffs' strong showing that they are likely to succeed on the merits and the fact that the Defendant does not dispute its obligation to pay contributions to the Pension Fund, it does not appear that the Defendant will have sustained any harm in the event this injunction was improvidently granted. Therefore, the bond will be set at

$100.00 which can be posted in cash.

## ORDER

The Plaintiffs' Motion for a preliminary injunction is granted. By this Order and pursuant to Rule 65, the Defendant, Research Oil Co., its officers, directors, shareholders, agents, servants, employees, attorneys and all persons in active concert and participation with it, are ordered to:

a) pay its Pension contributions owed to the Plaintiffs for the month of June, 1999 on or before July 20, 1999; and

b) pay all contributions owed to the Pension Fund for months subsequent to June, 1999 on or before 15 days after the close of any month in which any bargaining unit work (as defined in the applicable collective bargaining agreement) is performed by any of its employees during the pendency of this case.

JUL 1 6 1999
Date

*Blanche M. Manning*
United States District Judge