IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREA PENSION FUND, and HOWARD McDOUGALL, trustee, </br></br>and</br></br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and HOWARD McDOUGALL, trustee,</br></br>Plaintiffs,</br></br>v.</br></br>ACTIVE TRANSPORTATION COMPANY, LLC,</br></br>Defendant. | Civil Action No. 08 C 228</br></br>Judge Darrah</br></br>Magistrate Judge Brown |

## OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Defendant Active Transportation Company, LLC by its attorneys and pursuant to the Court's January 16, 2008 minute order, submits this opposition to Plaintiffs' motion for a preliminary injunction.

## BACKGROUND FACTS

Active Transportation is a national trucking company that delivers vehicles from assembly plants to ports and rail heads throughout the United States and Canada. It participates in the Plaintiffs' funds -- the Central States Pension and Health and Welfare Funds pursuant to the terms of a collective bargaining agreement. As a participant, Active Transportation is required to make monthly contributions to the Funds on behalf of its covered employees, and has done so since at least January of 2005. Plaintiffs now seek a preliminary injunction to require Active Transportation to pay some contributions owed but (so far) unpaid.

The Plaintiff Pension Fund has reported on its most recent government filing that it has approximately $19.2 billion in assets and Plaintiff Health and Welfare Fund reported on its 2005 government filing that it has approximately $721 million in assets.

## ARGUMENT

I. **PLAINTIFFS HAVE FAILED TO SATISFY THE REQUIREMENTS NECESSARY FOR A PRELIMINARY INJUNCTION.**

Plaintiffs have failed to satisfy the requirements necessary for a preliminary injunction. The Seventh Circuit has stated:

> A party seeking to obtain a preliminary injunction must demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy of law exists; and (3) it will suffer irreparable harm if the injunction is not granted. If the court is satisfied that these three conditions have been met, then it must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. Finally, the court must consider the public interest (non-parties) in denying or granting the injunction. The court then weighs all of these factors…when it decides whether to grant the injunction. This process involves engaging in what [the court] term[s] the sliding scale approach; the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position.

*Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 - 896 (7th Cir. 2001) (citing *Storck USA, L.P. v. Farley Candy Co.*, 141 F.3d 311, 314 (7th Cir. 1994); *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)).

Plaintiffs seek only monetary damages for the temporary loss of income to the Funds. Courts have held that a temporary loss of income does not constitute irreparable injury because this deprivation can be fully redressed by an award of monetary damages. *See Santos v. Columbus-Cuneo-Cabrini Medical Center*, 684 F.2d 1346, 1349 (7th Cir. 1982) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (holding that plaintiff's temporary loss of income did not constitute irreparable injury because the injury could be redressed by a monetary award)).

A party also cannot show that it will suffer irreparable harm where monetary damages are easily calculable. *Praefke Auto Elec. & Battery Co. v. Tecumseh Prods. Co.*, 255 F.3d 460, 463 (7th Cir. 2001) ("[The movant's] losses are purely financial, easily measured, and readily compensated. There is therefore no showing of irreparable harm, and on this ground alone the preliminary injunction should have been denied.") (citing *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)).

Plaintiffs allege that Active Transportation owes $377,053.87 for the Pension Fund and $135,291.39 for the Health and Welfare Fund. Pl. Com. ¶¶ 23-24; 27. This loss is purely financial and calculated by the Funds. Plaintiffs thus are seeking readily calculated monetary damages, making a preliminary injunction inappropriate.

Furthermore, Plaintiffs claim that an injunction is necessary because it is "unlikely that [Active Transportation] will be able to satisfy a large judgment…" (Pl. Mot. p. 6). Plaintiffs claim is purely speculative. "As a general rule, 'a defendant's ability to compensate plaintiff in money damages precludes issuance of a preliminary injunction.'" *Signode Corp. v. Weld-Loc Systems, Inc.*, 700 F.2d 1108, 1111 (7th Cir. 1983) (quoting *Nuclear-Chicago Corp. v. Nuclear Data, Inc.*, 465 F.2d 428, 430 (7th Cir. 1972).[1] Active Transportation has indicated to Plaintiffs its willingness and ability to pay the outstanding contributions in addition to any interests and liquidated damages by the end of May 2008. *See* Affidavit of J. Barlos ¶ 5, attached as Exhibit A.

Plaintiffs also allege that, if an injunction is not entered, the delinquency of Active Transportation's outstanding contributions will increase on January 15, 2008 for failing to pay December 2007 contributions, and Active Transportation will be placed on suspension. Pl. Mot.

---

[1] Plaintiffs attach several unpublished orders granting preliminary injunctions but those orders do not discuss the governing legal standards, and do not even cite a case from the Seventh Circuit.

3

p. 6-7. Plaintiffs allege that if Active Transportation goes on suspension, its employees will not receive health and welfare coverage causing the employees irreparable harm. Pl. Mot. p. 7. These allegations are moot. Active Transportation has paid its December 2007 contributions as of January 28, 2008. Plaintiffs thus have no fear that Active Transportation will be placed on suspension.[2]

Plaintiffs also argue that if a preliminary injunction is not entered, the Funds will be irreparably harmed because employer delinquencies adversely affect the Funds' ability to meet funding standards and its financial integrity. Pl. Motion p. 7. The Funds, however, are not alleging irreparable harm. Plaintiffs administer benefits for hundreds of thousands of participants, dependents, and retirees. As of January 1, 2006, Plaintiffs had over $19,000,000,000.00 in assets in the Pension Fund and approximately $721,000,000.00 in assets in the Health and Welfare Fund. *See* Plaintiffs' 2006 Department of Labor Form 5500, Scheduled B, attached as Exhibit B; *see also* Plaintiffs' 2005 Department of Labor Form 5500, Schedule H, attached as Exhibit C. Active Transportation currently has two months of outstanding contributions, which constitutes approximately .0008% of Plaintiffs' total assets. Active Transportation's two months of contributions would not cause irreparable harm to the Funds. Plaintiffs are, therefore, only speculating to future injury, which does not establish existing irreparable harm. *See Pattern Makers' Pension Trust Fund v. Erler Corp., et. al.,* No. 92 C 3350, 1992 U.S. Dist. LEXIS 10193, *4, (N.D. Ill. July 1, 1992) ("[T]he fund's speculation of possible future injury does not establish presently existing irreparable harm necessary to

---

[2] Whether Active Transportation is placed on suspension is entirely a function of what plaintiff Health and Welfare Fund chooses to do; it is not the function of a professional or legal obligation or third party action over whom the Fund has no control. Plaintiffs have submitted no authority that states that they must place Active Transportation on suspension by a date certain, as to the Active Health and Welfare Fund participants.

warrant the issuance of a Rule 65 injunction."), attached as Exhibit D.  For all of these reasons, the Court should deny Plaintiffs' motion for a preliminary injunction.

## II.  PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE THERE IS A DISPUTE OVER WHAT IS OWED.

Active Transportation does not deny that it has outstanding contributions for the months of October 2007 – November 2007.  Plaintiffs have incorrectly calculated the amount of outstanding contributions Active Transportation owes to the Funds.  *See* Affidavit of J. Barlos, ¶ 3, attached as Exhibit A.  As of January 10, 2008, Plaintiffs claim that Active Transportation owes $377,053.87 in outstanding contributions to the Pension Fund and $135,291.39 in outstanding contributions to the Health and Welfare Fund.  The true and correct copies of Active Transportation business records indicate that Active Transportation actually owes approximately $173,531.60 in outstanding contributions to the Pension Fund and does not owe any outstanding contributions to the Central States Health and Welfare Fund as of January 28, 2008.  *See* Affidavit of J. Barlos, ¶ 3, attached as Exhibit A.

If the Court requires Active Transportation to pay the contribution amounts that Plaintiffs are alleging are owed to the Funds, Active Transportation will be paying Plaintiffs additional monies not owed to the Funds.  Based on Active Transportation's current financial difficulties, Active Transportation's financial stability will be harmed, to the detriment of the Plaintiffs' Funds and their participants whose interests Plaintiffs profess to protect.  The balance of hardships thus favors denying injunctive relief here.

## CONCLUSION

The Court should deny Plaintiffs' motion for a preliminary injunction.

          Respectfully submitted,

          ACTIVE TRANSPORTATION COMPANY, LLC

          By:    /s/   Mark Casciari
                One of Its Attorneys

Mark Casciari
Ronald Kramer
SEYFARTH SHAW LLP
131 S. Dearborn, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Dated: January 28, 2008

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he electronically filed the foregoing OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION with the clerk of the Court using the CM/ECF system, on this 28th day of January, 2008, which will send notification of such filing to the following counsel of record:

>Rebecca K. McMahon
>Attorney for Plaintiffs
>9377 West Higgins Road
>Rosemont, Illinois 60018-4938

>/s/ Mark Casciari