# EXHIBIT D

LEXSEE 1992 U.S. DIST. LEXIS 10193

**PATTERN MAKERS' PENSION TRUST FUND, Plaintiff, v. THE ERLER CORPORATION and JOHN ERLER, Defendants.**

No. 92 C 3350

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*1992 U.S. Dist. LEXIS 10193*

**July 1, 1992, Decided**

**JUDGES:** [*1] Conlon

**OPINION BY:** SUZANNE B. CONLON

**OPINION**

*MEMORANDUM OPINION AND ORDER*

The Pattern Makers' Pension Trust Fund ("the fund") files this ERISA action against The Erler Corporation ("Erler"), seeking payment of delinquent pension benefit contributions. The fund now moves pursuant to *Fed. R. Civ. P. 65* for a temporary restraining order or preliminary injunction to prevent Erler from performing work under the collective bargaining agreement until the delinquent fringe benefit obligations have been satisfied.

*BACKGROUND*

Erler is a signatory to a collective bargaining agreement with an affiliate of the International Association of Machinists ("labor agreement"). The labor agreement obligates Erler to make monthly pension benefit contributions to the fund on behalf of patternmaking employees performing work pursuant to the terms of the labor agreement. Erler failed to pay monthly contributions to the fund from December 1991 through May 1992. Erler also owes an outstanding balance on installment notes executed in 1991 covering delinquent fund contributions due from December 1990 through March 1991. The fund alleges that Erler's delinquent obligations, including liquidated damages, now [*2] total nearly $ 30,000.

On May 21, 1992, the fund filed this ERISA action for collection of the delinquent contributions pursuant to *29 U.S.C. § 1132(a)*. On June 25, 1992, the fund filed this motion pursuant to *Fed. R. Civ. P. 65*, moving alternatively for issuance of a temporary restraining order or preliminary injunction to prevent Erler from performing further work under the labor agreement until Erler satisfies its delinquent pension funding obligations. Erler has been notified of the fund's motion and has filed a response brief.

*DISCUSSION*

A *Rule 65* injunction is an extraordinary remedy that should not be granted routinely. *See Haussmann v. Chicago Board of Education, 737 F. Supp. 56, 56-57 (N.D. Ill. 1990)*. To establish an entitlement to a temporary restraining order or a preliminary injunction, the fund bears the burden of demonstrating:

(1) that [it] has no adequate remedy at law;

(2) that [it] will suffer irreparable harm if the preliminary injunction is not issued;

(3) that the irreparable harm it will suffer if the preliminary injunction is not granted is greater than the irreparable harm [Erler] will suffer if the injunction is granted; [*3]

(4) that [it] has a reasonable likelihood of prevailing on the merits; and

(5) that the injunction will not harm the public interest.

*Curtis v. Thompson*, 840 F.2d 1291, 1296 (7th Cir. 1988), citing *Brunswick Corp. v. Jones*, 784 F.2d 271, 273-74 (7th Cir. 1986). The extraordinary nature of the relief accorded under *Rule 65* requires the movant to make a clear showing of entitlement to relief. *Haussmann v. Chicago Board of Educ.*, 737 F. Supp. at 56-57 (N.D. Ill. 1990); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2948 at 428-29 (1973).

The fund contends that Erler's $ 30,000 delinquency threatens the actuarial soundness and integrity of the fund. The threat to its actuarial soundness, according to the fund, constitutes irreparable harm warranting immediate injunctive relief. The fund asserts a related irreparable injury stemming from potential loss of investment opportunities. In support of its assertions of irreparable harm, the fund submits the affidavit of a fund administrator attesting that a $ 30,000 delinquency "could affect the actuarial soundness of the fund." Kot Aff. P9 (appended as [*4] exhibit to fund's motion). A movant cannot demonstrate irreparable injury through mere speculation or "simply to prevent the possibility of some remote future injury." *Haussmann v. Chicago Board of Educ.*, 737 F. Supp. at 57. The fund's speculation of possible future injury does not establish presently existing irreparable harm necessary to warrant the issuance of a *Rule 65* injunction. *See id.*

More significantly, the fund predicates its motion on a purported delinquency of nearly $ 30,000 in outstanding pension benefit contributions. Contemporaneous with the filing of the present motion, Erler ceased operations and issued a check to the fund for nearly $ 21,000. Thus, Erler's outstanding obligation to the fund apparently totals just over $ 8,000. The fund has not clearly demonstrated that so modest an outstanding debt will result in irreparable harm of a magnitude necessary to warrant the extraordinary remedy of immediate injunctive relief. Moreover, the fund's cessation of operations also brings to a halt any future accumulation of pension service credits by Erler employees that the fund subsequently would be obliged to satisfy. The fund fails to clearly [*5] establish irreparable harm. Accordingly, the fund's alternative motions for a temporary restraining order or preliminary injunction are denied. *See Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1221-22 (7th Cir. 1989) (in ERISA collection suit plaintiffs must establish irreparable harm to be entitled to injunction for enforcement of pension funding obligations arising under labor agreement).

### CONCLUSION

The alternative motions of Pattern Makers' Pension Trust Fund for a temporary restraining order or preliminary injunction are denied.

ENTER:

Suzanne B. Conlon                                July 1, 1992

United States District Judge