**United States District Court, Northern District of Illinois**

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 228 | **DATE** | 2/20/2008 |
| **CASE TITLE** |  | Central States, Southeast and Southwest Areas Pension Fund, et al. v. Active Transportation Company, LLC | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for a preliminary injunction [9] is granted.

■ [ For further details see text below.]     Docketing to mail notices.

---

### STATEMENT

    Currently before the Court is Plaintiffs' Motion for a Preliminary Injunction. The Court, having considered the parties' pleadings, memoranda and exhibits, rules as follows:

    Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund"), have brought suit against Defendant, Active Transportation Company, LLC ("Active Transportation") to collect delinquent fringe benefit contributions owed to Plaintiffs under the terms of a collective bargaining agreement. Under the terms of the agreement, Active Transportation is required to pay monthly contributions to the Pension Fund and the Health and Welfare Fund on behalf of covered employees.

    Currently, Active Transportation has not paid its contributions for October or November 2007 and was late in paying its December 2007 contribution. Plaintiffs seek a preliminary injunction, ordering Defendant to make full payments of its contributions in a timely fashion during the pendency of this action.

    "ERISA provides for civil enforcement, including an injunction, of an employer's obligations to make contributions to pension plans." *Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1217 (1989) (citing 29 U.S.C. §§ 1132(a)(3), 1145) (*Gould*). A preliminary injunction may be entered based on (1) the threat of irreparable harm to the moving party, (2) the possible injury to the opposing party, (3) the likelihood that the movant will succeed on the merits of the claim, and (4) public policy considerations. *Gould*, 870 F.2d at 1217.

    Plaintiffs argue that the threat of irreparable harm exists because Defendant may become insolvent before Plaintiffs are able to collect what they are owed. *See Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 386 (7th Cir. 1984) (irreparable harm may exist where damages may be unobtainable because the defendant may become insolvent before a final judgment can be entered and collected). Plaintiffs

## STATEMENT

argue that Defendant admits to be experiencing "severe cash flow problems" due to a loss of business. Defendant asserts that it will be "in a position to pay all outstanding contributions," as well as any interest or liquidated damages, "by the end of May 2008."

However, Plaintiffs should not be required to rely solely on the representations of Defendant that its business will improve. Plaintiffs have shown that Defendant is in financial difficulty, and Defendant gives no reason to believe that its situation will soon improve. Therefore, the Court finds that there is a threat of irreparable harm to Plaintiffs.

Plaintiffs argue that the preliminary injunction could not possibly injure Defendant because the injunction would require Defendant to do nothing more than fulfill its contractual obligations. Defendant does not argue this point. Defendant also does not contest that Plaintiffs will succeed on the merits. Although it disputes the amount owed, Defendant admits that it has outstanding contributions for the months of October and November of 2007. Nor does Defendant dispute that it must make future payments to Plaintiffs. Finally, Defendant does not dispute Plaintiffs' argument that the entry of the preliminary injunction would be in the public interest.

Therefore, it is hereby ordered that Active Transportation pay in full all contributions owed to the Pension Fund and the Health and Welfare Fund for the months including and subsequent to February 2008, to be received by the Pension Fund and the Health and Welfare Fund on or before the 15th day of the following month during the pendency of this case.